UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:23-cv-01255-TWP-MJD |
| ) | |
| JUAN SANTIAGO, et al., ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION**
**HON. MAGISTRATE JUDGE MARK J. DINSMORE**

On January 9, 2024, the Court scheduled this matter for a telephonic pretrial conference on February 1, 2024, and Defendant Juan Santiago was ordered to telephonically appear for the conference. [Dkt. 35.] On January 26, 2024, Mr. Santiago submitted a document that confirms that he received the Court's Scheduling Order. [Dkt. 38.] On February 1, 2024, the Court conducted the telephonic pretrial conference, and Mr. Santiago failed to appear by telephone as ordered.

On February 2, 2024, the Court issued an Order rescheduling the February 1, 2024 pretrial conference to February 22, 2024 and ordered Defendant Juan Santiago to appear in person for that conference. [Dkt. 44.] The Court's order further stated, "**Failure by Defendant Juan Santiago to again appear as ordered may result in sanctions, up to and including an entry of default against him in this case.**" [*Id*. at 1 (emphasis in original).] On February 13, 2024, Mr. Santiago submitted a document that confirms the address to which the Court's February 2, 2024 order was sent. On February 22, 2024, the Court conducted the rescheduled pretrial conference, and

Defendant Juan Santiago again failed to appear as ordered.

A district court has the inherent authority to impose sanctions on [a party] for the "willful disobedience of a court order." See *Trzeciak v. Petrich*, No. 2:10-CV-358-JTM-PRC, 2014 WL 5488439, at *1 (N.D. Ind. Oct. 29, 2014) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991)). This power is governed "not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Barnhill v. U.S.*, 11 F.3d 1360, 1367 (7th Cir. 1993) (internal quotation omitted). A court's inherent powers are to be used "to reprimand the offender" and "to deter future parties from trampling on the integrity of the court." *Dotson v. Bravo*, 321 F.3d 663, 668 (7th Cir. 2003)). The sanction imposed by a court "should be proportionate to the gravity of the offense." *Montaño v. City of Chicago*, 535 F.3d 558, 563 (7th Cir. 2008).

Defendant has repeatedly failed to comply with the Court's Orders by failing to appear by telephone as ordered for the February 1, 2024 telephonic pretrial conference, as well as failing to appear in person for the rescheduled February 22, 2024 pretrial conference. Accordingly, the Magistrate Judge recommends the Court issue an Entry of Default against Defendant Juan Santiago for his repeated failures to comply with the Court's Orders.

Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), and failure to timely file objections within fourteen days after service of this Order shall constitute a waiver of subsequent review absent a showing of good cause for such failure.

SO ORDERED.

Dated: 27 FEB 2024

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically
on all ECF-registered counsel of record
via email generated by the Court's ECF system.

JUAN SANTIAGO
711 Concord Lane
Lakeland, FL 33809