UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:23-cv-01255-TWP-MJD |
| ) | |
| JUAN SANTIAGO, ) | |
| MADISON SOLUTIONS, LLC ) | |
| ) | |
| Defendants. ) | |

**ORDER GRANTING DEFAULT JUDGMENT**

This matter is before the Court on a Motion for Default Judgment Against Juan Santiago and Madison Solutions, LLC, (Dkt. 68), filed by Plaintiff United States of America ("the United States") pursuant to Federal Rule of Civil Procedure 55(b)(2). For the reasons explained below, the United States's Motion is **granted**.

**I. LEGAL STANDARDS**

Obtaining a default judgment entails two steps. First, the party seeking a default judgment must file a motion for entry of default with the clerk of court by demonstrating that the opposing party has failed to answer or otherwise respond to the complaint. Fed. R. Civ. P. 55(a). Second, the moving party must seek entry of a default judgment against the defaulting party. Fed. R. Civ. P. 55(b). The court may enter a default judgment against a party who has failed to plead or otherwise defend itself. Fed. R. Civ. P. 55(b)(2). The decision to grant or deny a default judgment is within the court's discretion. *See Domanus v. Lewicki*, 742 F.3d 290, 301 (7th Cir. 2014) (indicating a decision on default judgment is reviewed for abuse of discretion). A default judgment establishes the defendant's liability to the plaintiff on the cause of action alleged in the complaint. *Wehrs v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012). "'Upon default, the well-pleaded allegations of

a complaint relating to liability are taken as true.'" *VLM Food Trading Int'l, Inc. v. Ill. Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016) (quoting *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983)). Damages, however, "must be proved unless they are liquidated or capable of calculation." *Wehrs*, 688 F.3d at 892. In this circuit, judgment by default may not be entered without a hearing on damages unless "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.,* 722 F.2d 1319, 1323 (7th Cir.1983). A defaulted party seeking to vacate the entry of default before entry of final judgment must show: "(1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint." *Cracco v. Vitran Express*, *Inc*., 559 F.3d 625, 630-31 (7th Cir. 2009).

In addition, the district court has the inherent authority to impose sanctions on [a party] for the "willful disobedience of a court order," including the sanction of default. *See Trzeciak* v. *Petrich*, No. 2:10-CV-358-JTM-PRC, 2014 WL 5488439, at *1 (N.D. Ind. Oct. 29, 2014) (citing *Chambers v. NASCO, Inc*., 501 U.S. 32, 45 (1991)). The Seventh Circuit has held that the court "must have the default judgment readily available within its arsenal of sanctions in order to ensure that litigants who are vigorously pursuing their cases are not hindered by those who are not." *C.K.S. Engineers, Inc. v. White Mountain Gypsum Co* 726 F.2d 1202, 1206 (7th Cir.1984). This power is governed "not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Barnhill v. U.S.*, 11 F.3d 1360, 1367 (7th Cir. 1993) (internal quotation omitted). A court's inherent powers are to be used "to reprimand the offender" and "to deter future parties from trampling on the integrity of the court." *Dotson v. Bravo*, 321 F.3d 663, 668 (7th Cir. 2003)).

## II. DISCUSSION

On July 19, 2023, the United States, at the request of a delegate of the Secretary of the Treasury and at the direction of a delegate of the Attorney General, pursuant to 26 U.S.C. §§ 7401 and 7407, initiated this action seeking an injunction barring Juan Santiago ("Santiago") and his tax preparation business, Madison Solutions, LLC ("Madison Solutions") (collectively, "Defendants"), from engaging in the business of preparing federal tax returns and employing any person acting as a federal tax return preparer. (Dkt. 1.) The United States seeks relief under both Internal Revenue Code §§ 7407 and 7402(a) for "Defendants' repeated violations of §§ 6694 and 6695, and for further enforcement of the internal revenue laws." (Dkt. 69 at 2.) The United States points out that Section 7407 of the Internal Revenue Code authorizes a district court to enjoin a tax return preparer from engaging in conduct subject to penalty under §§ 6694 or 6695, or from acting as a return preparer entirely. 26 U.S.C. § 7407. *Id*. A district court also has jurisdiction under § 7402(a) to issue injunctions "as may be necessary or appropriate for the enforcement of the internal revenue laws." 26 U.S.C. § 7402(a).

Santiago, proceeding *pro se*, filed an Answer to the Complaint (*See* Dkts. 6, 23) and filed a series of Notices and Submissions that are difficult to discern. For the orderly progression of this case, on January 9, 2024, the Magistrate Judge issued an Order Setting Pretrial Schedule and Discussing Discovery (Dkt. 34) and scheduled a telephonic pretrial conference for February 1, 2024. (Dkt. 35). Santiago failed to comply with the Court's Orders by failing to appear by telephone as ordered for the February 1, 2024 telephonic pretrial conference, as well as failing to appear in person for the rescheduled February 22, 2024 pretrial conference. (Dkts. 44, 51, 52.) Thereafter, the Magistrate Judge issued a Report and Recommendation recommending that the undersigned issue an Entry of Default against Santiago for his repeated failures to comply with the Court's

Orders. (Dkt. 52.) The Court adopted the Magistrate Judge's Report and Recommendation and on March 13, 2024, a default was entered against Defendant Juan Santiago, as a sanction for his repeated failures to comply with the Court's Orders. (Dkt. 53).

With respect to Defendant Madison Solutions, the Complaint was properly served on Madison Solutions, a corporation, through its agent, on or about August 1, 2023. (Dkt. 9.) This Court previously determined that service was proper. A corporation may appear in federal court only through licensed counsel. No counsel appeared on Madison Solutions' behalf, and a Clerk's Entry of Default was entered against Madison Solutions on March 14, 2024, for its failure to answer or otherwise respond to the complaint. (Dkt. 54.) Since that time, no counsel for Madison Solutions has appeared to seek to set aside the Clerk's Entry of Default. Moreover, Madison Solutions has not shown good cause for its failure to answer or otherwise respond to the Motion; has not shown quick action to correct the Clerk's default; and has not submitted any defense to the Court. Since Madison Solutions has failed to respond to the allegations against it, all the well-pleaded allegations against it regarding liability are taken as true. And in light of the well-pleaded allegations, Plaintiffs have demonstrated that they are entitled to a default judgment against Madison Solutions under Rule 55(b)(2).

With respect to Santiago, following the entry of default, he submitted several filings titled Non-Negotiable Notice of Acceptance in which he states, "I indicate my acceptance of your offer by my signature and date" and he asserts "I do not argue the facts, jurisdiction, law or venue". (Dkts. 71, 72, 73, 74, 75, 76, 77, and 78.) In addition, as noted by the United States in their brief, Santiago made admissions in his Answers which support the allegations in the Complaint. (*see* Dkts. 6, 23). The United States has also submitted compelling argument and case law to support

its requested relief in its Brief in Support of Motion for Default Judgment Against Juan Santiago and Madison Solutions, LLC, (Dkt. 69).

Accordingly, the Court enters default judgment against Santiago and Madison Solutions, finding that Santiago and Madison Solutions continually and repeatedly engaged in conduct subject to penalty under 26 U.S.C. §§ 6694 and 6695; that, pursuant to 26 U.S.C. § 7407, an injunction merely prohibiting Santiago's and Madison Solutions' conduct subject to penalty would be insufficient to prevent Santiago's and Madison Solutions' interference with the proper administration of the tax laws; and that Santiago and Madison Solutions should be permanently enjoined from acting as tax return preparers and employing any person acting as a federal tax return preparer. The Court additionally finds that Santiago and Madison Solutions have interfered with the enforcement of the internal revenue laws and that injunctive relief is appropriate to prevent the recurrence of that conduct pursuant to 26 U.S.C. § 7402(a). A default judgment is appropriate as to each Defendant and the requested injunctive relief shall be **granted**.

### III. CONCLUSION

For the reasons stated above, the United States Motion for Default Judgment Against Juan Santiago and Madison Solutions, LLC, Dkt. [68], is **GRANTED** and Default Judgment is **ENTERED** in favor of the United States and against the Defendants. The well-pleaded allegations of the Complaint relating to liability are taken as true. Santiago and Madison Solutions continually and repeatedly engaged in conduct subject to penalty under 26 U.S.C. §§ 6694 and 6695; that, pursuant to 26 U.S.C. § 7407, an injunction merely prohibiting Santiago's and Madison Solutions' conduct subject to penalty would be insufficient to prevent Santiago's and Madison Solutions' interference with the proper administration of the tax laws. Pursuant to 26 U.S.C. §§ 7402(a) and 7407, the Court **enters a Permanent Injunction** enjoining Santiago and Madison Solutions, as

well as their officers, agents, servants, employees, and attorneys, and anyone in active concert or participation with them, from directly or indirectly violating the terms of the Permanent Injunction. (*See* Dkt. 80).

This Court will retain jurisdiction over Juan Santiago and Madison Solutions and over this action to enforce this Judgment of Permanent Injunction entered against them.

Final Judgment closing this case will be entered in a separate order.

**SO ORDERED.**

Date: __10/28/2024_____

_____
Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

JUAN SANTIAGO
711 Concord Lane
Lakeland, Florida  33809

Curtis Clayton Paul
DOJ-Tax
curtis.paul@usdoj.gov

Joseph Marc Kaufman
U.S. DEPARTMENT OF JUSTICE
joseph.m.kaufman@usdoj.gov